UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MAURICE GRAVES, | : | Civil Action No. 17-4114 (JMV) |
| Plaintiff, | : | |
| v. | : | REPORT AND RECOMMENDATION |
| EFREN VASQUEZ-PILLACELA  Defendants. | : | |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court by way of Plaintiff Maurice Graves ("Plaintiff" or "Mr. Graves") motion for default judgment [ECF No. 9]. Plaintiff seeks an award in the amount $175,000.00 for past and future pain and suffering. Plaintiff's motion is unopposed.

This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned respectfully recommends that the Court enter an Order granting Plaintiff's motion for default judgment. It is further recommended that the Court grant Plaintiff an award of $55,000.00 for past and future pain and suffering.

   **BACKGROUND**

On June 7, 2017, Plaintiff filed a Complaint against Defendant Efren Vasquez-Pillacela ("Defendant"). ECF No. 1. The event giving rise to this action occurred on June 7, 2015, when Mr. Graves was a passenger in a motor vehicle owned and operated by Sandy Henry (the "Henry vehicle"). Compl. ¶¶ 4, 7. While traveling in the Henry vehicle on interstate 280 in Newark, New Jersey, Mr. Graves was involved in a motor vehicle accident with a vehicle driven by Defendant, which allegedly resulted in Mr. Graves suffering severe and permanent injuries. *Id*. ¶¶ 8-17. According to Plaintiff's Complaint, Defendant's reckless, careless and negligent driving caused the accident. *Id*. ¶ 16.

Plaintiff filed the executed proof of service with the summons to Defendant, indicating Defendant had been personally served with the Complaint on September 13, 2017. ECF No. 4. Plaintiff's Complaint went unanswered, and consequently, on November 9, 2017, the Clerk entered default against Defendant. On November 8, 2017, Plaintiff filed a Motion for Default Judgment against Defendant. On May 8, 2018, the Court issued a Letter Order scheduling a proof hearing to determine the proper amount of damages to be assessed in conjunction with Plaintiff's application for a default judgment. ECF No. 14. In the Letter Order, the Court directed Plaintiff to serve a copy of said Order on Defendant, giving Defendant another opportunity to make an appearance and litigate the claims against him.[1] *Id.* On May 22, 2018, the Court conducted a proof hearing to determine Plaintiff's damages. Defendant did not attend the hearing, nor did he file any papers in connection therewith.

**I.   DISCUSSION**

Upon entry of default, Federal Rule of Civil Procedure 55(b) permits a party to seek entry of default judgment against a defendant that fails to appear in an action. Notably, because entry of default requires "that the factual allegations of the complaint, except those relating to the amount of damages, . . . be taken as true," the party seeking entry of default judgment may proceed with limited proofs. *Malik v. Hannah,* 661 F.Supp.2d 485, 490 (D.N.J. 2009) (quoting *Comdyne I., Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir.1990) (internal quotations omitted)). Notably, upon entry of default and a party's submission of proofs related to damages, the decision of whether to enter default judgment against a party "'is left primarily to the discretion of the district court.'" *Id.* (quoting *Hritz v. Woma Corp.,* 732 F.2d 1178, 1180 (3d Cir. 1984)).

**A.  Default Judgment**

---

[1] The Court notes that Plaintiff filed a statement certifying that Defendant was served a true and correct copy of the Court's May 8, 2018 Letter Order. *See* ECF No. 15.

While entry of default judgment is left largely to the discretion of the Court, prior to entry, the Court should consider: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default," and (3) whether the defaulting party's conduct is culpable or excusable. *Id.* (quoting *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (internal citations omitted)).

Here, this Court finds good cause to recommend entry of a default judgment against Defendant. First, the current record does not show any meritorious defenses. Because Defendant did not respond, the Court cannot determine whether Defendant had meritorious defenses that are not reflected in the record. The Court therefore concludes that Defendant has no meritorious defense. *See Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, No. CIV. 11-624 JBS/JS, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011).[2] Second, it is clear that Plaintiff has been prejudiced by Defendant's failure to answer because Plaintiff has been unable to move forward with the case and has been delayed in seeking relief. *See Malik v. Hannah*, 661 F. Supp. 2d 485, 490-491 (D.N.J. 2009). Finally, where, as here, Defendant has failed to respond, there is a presumption of culpability. *See Teamsters*, 2011 WL 4729023, at *4. Accordingly, the undersigned recommends that this Court enter default judgment against Defendant.

**B. Amount of Damages**

Having found that entry of default judgment is appropriate, the Court now turns to the calculation of Mr. Graves' damages. Pursuant to Fed. R. Civ. P. 55(b)(2), "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to (A) conduct an accounting; (B)

---

[2] The Court notes that pursuant to Fed. R. Civ. P. 4(m), Plaintiff was responsible for serving Defendant within 90 days after the complaint was filed. Although Plaintiff executed service on September 13, 2017, eight days beyond the 90 days provided by Rule 4(m), the Court previously found that good cause existed to extend Plaintiff's time to complete service. *See* ECF No. 6.

3

determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." *Id*.

On May 22, 2018, the Court conducted a proof hearing to determine the amount of Plaintiff's damages. At the hearing, the Court heard testimony from Mr. Graves, as well as limited argument from Mr. Graves' counsel. During the hearing, counsel for Plaintiff submitted a declaration of Getahun Kifle, M.D ("Dr. Kifle") and a comprehensive narrative report on Mr. Graves. *See* ECF No. 11. Mr. Graves testified that as a result of the automobile accident he sustained injuries to his neck, left shoulder, left knee and lower back. He also claims that he suffered from dizziness. A few days following the accident, Mr. Graves was treated at Woodhull Hospital in Brooklyn, New York. Mr. Graves testified that during the hospital visit he was prescribed muscle relaxers and the doctor recommended physical therapy. Thereafter, on or about July 15, 2015, Mr. Graves began treatment with Dr. Kifle, who did, in fact, place him in physical therapy. Currently, Mr. Graves claims to suffer from pain in his lower back and left knee.

With respect to Plaintiff's request for a past and future pain and suffering award in the amount of $175,000.00[3,] the Court finds that Plaintiff has not set forth sufficient facts or proofs to warrant entry of such a large award for pain and suffering. Clearly, Plaintiff suffered from injuries sustained as a result of the automobile accident, which includes cervical musculoskeletal sprain and strain, left shoulder pain, chronic low back pain with disc disease and left knee pain with internal derangement. *See* ECF No. 11 at 5. As such, Plaintiff should surely be compensated for an amount related to his past pain and suffering, including Plaintiff's headaches, dizziness, and pain, all of which the evidence demonstrates stems from the automobile accident that occurred on June 7, 2015. This Court finds that an award of $25,000.00 for the past pain and suffering described at the hearing would sufficiently

---

[3] Plaintiff expressly stated at the hearing that he is only seeking an award for pain and suffering, and is not seeking an award for reimbursement of medical bills, lost wages, or any other potential category of damages.

compensate Plaintiff. Notably, the incident occurred in June of 2015, and as of January 16, 2018, Dr. Kifle noted that issues with Plaintiff's left knee and cervical spine were resolved. *See* ECF No. 11 at 5. Thus, this Court finds that $25,000.00 for past pain and suffering is fair and reasonable.

Regarding future pain and suffering, the Court similarly finds that Plaintiff did not set forth sufficient facts, proofs or testimony to support Plaintiff's substantial award request. While Dr. Kifle indicates that Plaintiff injuries were causally related to the accident and that the injuries are permanent, Plaintiff failed to adequately present proofs and testimony regarding how his life will be negatively impacted going forward. Although Plaintiff continues to have pain despite a course of treatment which included physical therapy and pain medication, it is not clear that a different course of treatment would not significantly reduce Plaintiff's pain level, which Dr. Kifle notes is between four and five out of ten. *See* ECF No. 11 at 3. And while Dr. Kifle indicates that Plaintiff should also consider therapeutic injections and surgical evaluations, whether Plaintiff will ever pursue this option appears, for now, purely speculative. *Id.* at 6. However, because Dr. Kifle did report that Plaintiff's injuries were permanent, the undersigned recommends granting an additional award of $30,000.00 for future pain and suffering.

## II.  CONCLUSION

Based on the foregoing, and for good cause shown;

**IT IS** on this 10th day of July 2018,

**RECOMMENDED** that Plaintiff's motion for default judgment [ECF No. 9] be **GRANTED**; and it is further

**RECOMMENDED** that judgment be entered in favor of Plaintiff and against Defendant in the amount of $55,000.00; and it is

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report

5

and Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. The Clerk of Court is directed to serve the parties with electronic notice upon filing this Report and Recommendation.

                                           s/ James B. Clark, III
                                 **Honorable James B. Clark, III**
                                 **United States Magistrate Judge**