**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

MAURICE GRAVES,

*Plaintiff,*

v.

EFREN VASQUEZ-PILLACELA,

*Defendant.*

Civil Action No. 17-4114 (JMV)

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

This matter comes before this Court on the July 10, 2018 Report and Recommendation ("R&R") of Magistrate Judge James B. Clark. D.E. 16 ("R&R"). The R&R addressed a motion made by Plaintiff Maurice Graves ("Plaintiff") for default judgment against Defendant Efren Vasquez-Pillacela ("Defendant"). D.E. 9. Defendant did not file any opposition to Plaintiff's motion. The R&R recommends that Plaintiff's motion for default judgment be granted and that judgment be entered against Defendant in the amount of $55,000.00. The Court reviewed all relevant documents and submissions,[1] and for the reasons stated below, the Court adopts the R&R (D.E. 16) in its entirety. Accordingly, Plaintiff's motion for default judgment (D.E. 9) is **GRANTED** and judgment is entered against Defendant in the amount of $55,000.

---

[1] The Court reviewed the following documents: Plaintiff's Complaint (D.E. 1), Plaintiff's motion for default judgment (D.E. 9), Declaration of Getahun Kifle, M.D. (D.E. 11), Judge Clark's Report and Recommendation (D.E. 16), and Plaintiff's letter to the Court expressing that Plaintiff does not object to the R&R (D.E. 17).

## I. FACTUAL BACKGROUND and PROCEDURAL HISTORY

The factual details of this dispute are explained in detail in the R&R and incorporated herein. R&R at 1-2. In sum, Plaintiff seeks monetary damages related to physical injuries resulting from an automobile accident caused by Defendant on June 7, 2015. Compl. at ¶ 7. Plaintiff claims to have suffered a variety of injuries, including to his back, neck, left knee, and left shoulder. *Id.* at ¶ 13.

On June 7, 2017, Plaintiff filed his Complaint. D.E. 1. On September 28, 2017, this Court granted Plaintiff's request to extend the time to serve Defendant through and including September 13, 2017, when service was made. D.E. 6. On November 8, 2017, Plaintiff filed a request for default and filed a motion for default judgment. D.E. 9. The next day, on November 9, 2017, the Clerk of the Court entered default. D.E. 10.

On May 22, 2018, Judge Clark held a proof hearing to determine Plaintiff's damages. On July 10, 2018, Judge Clark issued an R&R. D.E. 16. On July 13, 2018, Plaintiff filed a letter indicating that he does not intend to file any objection to the R&R. D.E. 17.

## II. LEGAL STANDARD

Local Civil Rule 72.1(c)(2) allows a party to object to a Magistrate Judge's report and recommendation within 14 days of service. The district court "shall make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2); *see Edelson V., L.P. v. Encore Networks, Inc.*, No. 11-5802, 2012 WL 4891695, at *2 (D.N.J. Oct. 12, 2012). The district court "need not normally conduct a new hearing and may consider the record developed before the Magistrate Judge, making his or her own determination on the basis of that record." L. Civ. R. 72.1(c)(2); *see Edelson*, 2012 WL 4891695, at *2. "As to uncontested portions

of the report, the district court has discretion to choose an appropriate standard of review. At a minimum, what is not objected to, the district court reviews under the plain error or manifest injustice standard." *Edelson*, No. 11-5802, 2012 WL 4891695, at *3 (internal quotations, citations, and brackets omitted). "[W]here no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'" *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-4414, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) (quoting Fed. R. Civ. P. 72 Advisory Committee's Notes).

### III. LEGAL ANALYSIS

Because there are no objections the R&R, the Court reviews Judge Clark's recommendation under the plain error standard. Federal Rule of Civil Procedure 55 allows for the entry of a default judgment against a party that fails to appear in an action. "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, . . . and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)). As Judge Clark noted, "because entry of default requires 'that the factual allegations of the complaint, except those relating to the amount of damages, be taken as true,' the party seeking entry of default judgment may proceed with limited proofs." R&R at 2 (quoting *Malik v. Hannah*, 661 F.Supp.2d 485, 490 (D.N.J. 2009) (quoting *Comdyne I., Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

3

## A. Default Judgment Elements

Judge Clark addressed Plaintiff's damages as well as the independent default judgment factors. In entering a default judgment, this Court has an independent obligation to determine whether (1) it has personal and subject matter jurisdiction; (2) the defendants were properly served; (3) the complaint sufficiently pleads a cause of action; and (4) the plaintiff has proven damages. *Days Inns Worldwide, Inc. v. Jinisha Inc.*, 2015 WL 4508413, at *1 (D.N.J. July 24, 2015). The Court analyzes each element in turn.

### i. Jurisdiction

When a default judgment is sought against a party that has not filed responsive pleadings, the court "has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C.*, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)). The Court has subject-matter jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a). Diversity jurisdiction exists when "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a). Here, Plaintiff sought $175,000.00 for past and future pain and suffering. *See* R&R at 1. Plaintiff is a resident of the State of New York, and Defendant is a resident of the State of New Jersey. Compl. at ¶¶ 1-2. Therefore, there is complete diversity and this Court possesses subject-matter jurisdiction over this action.

This Court also has personal jurisdiction over the Defendant. "[A]n individual's domicile, or home, constitutes the paradigmatic forum for the exercise of general jurisdiction." *Chanel, Inc.*, 133 F. Supp. 3d at 684 (internal quotation marks omitted). An individual's domicile is located in the state that is his or her "home." *JWQ Cabinetry, Inc. v. Granada Wood & Cabinets, Inc.*, 2014

WL 2050267, at *3 (D.N.J. May 19, 2014). Defendant resides in New Jersey. Compl. at ¶ 2. Because New Jersey is Defendant's "home," this Court has personal jurisdiction over him.

### ii. Sufficiency of Proof of Service

"Before the Court can enter default judgment, it must find that process was properly served on the Defendant." *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No.11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985)). Defendant, an individual, may be served by

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>   (A) delivering a copy of the summons and of the complaint to the individual personally;
>   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Here, the summons and Complaint were personally served on Defendant on September 13, 2017. D.E. 9-1 at ¶ 4. Therefore, the Court finds that service was proper.

### iii. Sufficiency of Plaintiff's Cause of Action

Next, the Court must determine whether the Complaint states a cognizable cause of action. The Court must accept all well-pleaded factual allegations in the pleadings as true, except as to damages. *Chanel, Inc.*, 558 F. Supp. 2d at 535-36. Plaintiff indicates that he suffered injuries from a car accident caused by Defendant's negligent driving. Compl. at ¶ 16, 19, 21. Plaintiff alleges that due to Defendant's negligence he suffered and continues to suffer severe and permanent injuries. *Id.* This negligence claim is a civil action grounded in tort, and constitutes a sufficiently pled cause of action. *See, e.g., Carter v. KST Transp., Inc.*, No. 11-134, 2012 WL

1314154, at *1 (S.D. Miss. March 21, 2012) (R&R recommending default judgment for plaintiff who brought action against defendant whose negligent driving caused injuries to plaintiff), *report and recommendation adopted*, 2012 WL 1314126, at *1 (S.D. Miss. Apr. 17, 2012). Plaintiff has sufficiently set forth the necessary facts to support the elements of his negligence claim: duty, breach, causation, and damages. The Court finds that Plaintiff's allegation that he was a passenger who sustained injuries during an automobile accident due to Defendant's negligence states a cognizable cause of action.

### iv. Damages

While the factual allegations of the complaint "will be taken as true," the amount of damages must still be proven. *Comdyne*, 908 F.2d at 1149 (citation omitted). In his Complaint, Plaintiff requested to "recover the full extent of his damages in an amount to be determined by the jury at trial." Compl. at ¶ 21. Judge Clark held a hearing to determine the proper amount of damages. During the hearing, Plaintiff sought an award in the amount of $175,000.00. R&R at 1.

As Judge Clark explained, pursuant to Fed. R. Civ. P. 55(b)(2), "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." *Teamsters*, 2011 WL 4729023, at *4. Based on the evidence presented in the hearing, Judge Clark determined that the Plaintiff's request for $175,000.00 for past and future pain and suffering was unsupported by the evidence. R&R at 4. However, Judge Clark noted that Plaintiff did endure pain and suffering. Accordingly, Judge Clark found that an award of $25,000 for past injuries and $30,000 for future pain and suffering would fairly compensate Plaintiff resulting in a total award of $55,000. R&R at 5.

As noted, there are no objections to the R&R's recommendation as to damages. The Court is satisfied that there is no clear error on the face of the record. Accordingly, after reviewing Judge Clark's recommendation, and finding that it is not clearly erroneous or manifestly unjust, the Court adopts Judge Clark's recommendation that $55,000 in damages have been proven. *See Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-4414, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) ("[W]here no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'" (quoting Fed. R. Civ. P. 72 Advisory Committee's Notes)).

### B. Appropriateness of Default Judgment

Additionally, as Judge Clark explained, before a court can enter a default judgment, a court must determine the appropriateness of default judgment by weighing "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) whether the defaulting party's conduct is culpable or excusable." *Malik*, 661 F. Supp. 2d at 490 (quoting *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (internal citations omitted)). Judge Clark recommended that default judgment be entered against Defendant.

First, Judge Clark reasoned that because Defendant did not respond, the Court cannot determine whether Defendant has any meritorious defenses. Accordingly, Judge Clark concluded that Defendant has no meritorious defense. R&R at 3 (citing *Teamsters*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011)). Then, Judge Clark found that Plaintiff had been prejudiced by Defendant's failure to answer because Plaintiff was unable to move forward with his case. R&R at 3 (citing *Malik*, 661 F. Supp. 2d at 490-91). Finally, Judge Clark concluded that because Defendant failed

7

to respond to Plaintiff's Complaint and motion, there is a presumption of culpability. R&R at 3 (citing *Teamsters*, 2011 WL 4729023, at *4).

The Court is satisfied that there is no clear error on the face of the record. Accordingly, after reviewing Judge Clark's recommendation, and finding that it is not clearly erroneous or manifestly unjust, the Court adopts Judge Clark's recommendations to grant Plaintiff's motion for default judgment and to award Plaintiff $55,000 for past and future pain and suffering. *See Sportscare of Am., P.C.*, 2011 WL 500195, at *1.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, and for good cause shown,

**IT IS** on this 27th day of July, 2018,

**ORDERED** that the Court adopts the Report and Recommendation (D.E. 16) in its entirety; and it is further

**ORDERED** that Plaintiff's motion for default judgment (D.E. 9) is **GRANTED**; and it is further

**ORDERED** that a judgment in the amount of $55,000.00 be entered in favor of Plaintiff and against Defendant; and it is further

**ORDERED** that the Clerk of the Court shall close this matter.

John Michael Vazquez, U.S.D.J.